IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YULONDA RICHARDSON | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § |
| | § NO. 3-08-CV-0014-M |
| NATHANIEL QUARTERMAN, Director | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division | § |
| | § |
| Respondent. | § |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Yulonda Richardson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On January 2, 2008, petitioner filed an application for writ of habeas corpus challenging multiple fraud convictions and the results of a prison disciplinary hearing.[1] However, petitioner did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. By order dated January 11, 2008, the court notified petitioner of this deficiency and warned that the case would be dismissed unless she either paid the filing fee or filed a motion to proceed *in forma pauperis* within 20 days.

---

[1] Petitioner, who is incarcerated at the Skyview Unit of the TDCJ-CID in Rusk, Texas, filed this action in the Sherman Division of the Eastern District of Texas. The case was transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 2241(d). *Richardson v. Director, TDCJ-CID*, No. 4-07-CV-582 (E.D. Tex. Jan. 2, 2008).

*See* Order, 1/11/08. No action was taken in response to that order. A second deficiency notice was sent to petitioner on February 8, 2008. Once again, petitioner was ordered to either pay the filing fee or file a motion to proceed *in forma pauperis* within 20 days. If she failed to do so, the court warned that the case would be dismissed for want of prosecution. *See* Order, 2/8/08. To date, petitioner still has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. The court now determines that this case should be dismissed without prejudice.

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. Until she does so, this litigation cannot proceed. Petitioner was twice notified of this deficiency and warned that the failure to either pay the filing fee or file a motion to proceed *in forma pauperis* would result in the dismissal of her case. Both orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Blair v. Quarterman*, No. 3-06-CV-2388-N, 2007

WL 867238 at *1 (N.D. Tex. Mar. 22, 2007) (dismissing habeas proceeding without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*); *Lattimer v. Dretke*, No. 3-05-CV-2370-M, 2006 WL 385126 at * 1 (N.D. Tex. Jan. 25, 2006) (same).[2]

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that this is the second time petitioner has challenged her fraud convictions and the results of her prison disciplinary hearing in a federal writ of habeas corpus. Like the instant case, the first case was dismissed when petitioner failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. *Richardson v. Quarterman*, No. 3-07-CV-0836-G (N.D. Tex. Jun. 27, 2007), *rec. adopted*, (N.D. Tex. Jul. 19, 2007).